FILED

March 15, 2017

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:15 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Patricia Evans,** | ) | **Docket No. 2016-06-1543** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 26442016** |
| **JRN, Inc.,** | ) | |
| **Employer,** | ) | **Judge Joshua Davis Baker** |
| **And** | ) | |
| **Liberty Mutual Insurance Company,** | ) | |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This claim came before the Court on February 22, 2017, on the Request for Expedited Hearing filed by Patricia Evans. The focus of this case is whether Ms. Evans is entitled to medical and temporary disability benefits for alleged injuries to her left arm, left shoulder, neck and back. JRN, Inc. opposes Ms. Evans' claim for benefits, arguing her workplace accident did not cause these injuries. For the reasons set forth below, the Court holds Ms. Evans is likely to prevail at a hearing on the merits in proving her entitlement to medical benefits for her left arm, left shoulder, neck, and back, but failed to carry her burden of proving entitlement to temporary disability benefits.

## Claim History

This expedited hearing concerns an alleged overuse injury to the employee's left side, following an accepted injury to the employee's right hand, wrist and middle finger. Ms. Evans fell over a box of coleslaw mix and injured her right hand, wrist, and right middle finger on January 5, 2016, while working at a Kentucky Fried Chicken restaurant owed by JRN. JRN accepted her claim for this injury.

Authorized treating physician Dr. Roy C. Terry diagnosed Ms. Evans with right-hand stiffness, recommended physical therapy, and released her to return to work without restrictions on February 16, suggesting Ms. Terry "buddy-tape" her middle finger to her ring finger. Despite using buddy-tape, Ms. Evans experienced continued difficulty with her right hand, including pain, loss of mobility and decreased grip-strength.

Dr. Terry provided a splint and later imposed workplace restrictions on Ms. Evans. Using the splint, Ms. Evans continued her employment duties. She testified that using the splint decreased her grip-strength and mobility in her right fingers and wrist. Additionally, the splint decreased her ability to clasp her fingers and thumb together, making it difficult to use kitchen items such as tongs, spoons and can openers. Because of these difficulties, Ms. Evans began to rely more heavily on her left side to perform her job duties.

Her supervisor, Duran Hickman, testified that Ms. Evans received assistance from coworkers so she could continue to work within her restrictions. This included assistance in emptying the trash, moving heavy items and using the can opener. He further testified that Ms. Evans' work performance suffered after her January 5 injury. Despite the assistance, Ms. Evans continued to have difficulty performing her job duties and continued to have pain in her neck, left shoulder and arm.

By August 5, Ms. Evans felt she could not continue working without treatment. She testified she reported the pain she was having in her shoulder and back to Mr. Hickman and asked that the injury be reported as work-related. She said that Mr. Hickman reported her condition, and she was taken off from work.

Ms. Evans acknowledged in her testimony that she injured her knees in a fall at Walgreens after her January 5 workplace accident and injured her neck in a car accident in 2002. Despite these other potential causes of her condition, she unequivocally associated her neck and left-side complaints to overuse after suffering her injury on January 5.

Because JRN did not accept her neck, back, left shoulder and left arm complaints as work-related, Dr. Terry examined Ms. Evans under her private health insurance plan in August. Ms. Evans' medical records reflect she complained of "pain that goes down her left arm and tingling down into her left arm" that causes "numbness down in her [left] hand." After an examination and x-rays, Dr. Terry diagnosed Ms. Evans with "degenerative osteoarthritis of the cervical spine with disc degeneration and narrowing." He wrote, "I feel that her problem is probably related to her neck." He did not address the causal relationship between her condition and her work for JRN.

### JRN's Motion to Re-open Proof

Following the Expedited Hearing, JRN filed an unopposed "Motion to Re-Open Proof" and supplemented its motion with a causation letter completed by Dr. Terry. In the letter, Dr. Terry checked "no" to the questions, "are the left shoulder and hand pain related 51% or more to the work injury?" and, "is the neck pain related 51% or more to the work injury?" Medical evidence regarding causation was not presented at the

2

Expedited Hearing, even though the Court continued Ms. Evans' Expedited Hearing from December for the parties to gather medical proof. The letter to Dr. Terry is dated roughly one week before the Expedited Hearing, and facsimile-stamping indicates he returned it to the Liberty Mutual Claims Department two days before the Expedited Hearing.

An opposing party "must submit all documents to the clerk, including any affidavits, demonstrating the moving party is not entitled to the requested relief no later than ten (10) business days before the date of the expedited hearing." Tenn. Comp. R. & Regs. 0800-02-21-.14(b) (2016). Evidence not disclosed in accordance with this rule "will not be considered unless good cause is shown as to why the evidence/witness was not disclosed." *Id.* at 0800-02-21-.14(c). Additionally, Rule 7.01 of the Court's Practices and Procedures require "extraordinary circumstances" for consideration of evidence submitted after the expiration of the applicable rules and regulations.

Here, the Court finds it troubling that Liberty Mutual had opportunity as early as August 2016 to obtain this late-filed evidence but failed to do so. Furthermore, the Court delayed the hearing of this case for several months, at Liberty Mutual's request, to provide it additional time to secure medical proof. Despite this delay, Liberty Mutual did not seek Dr. Terry's opinion until approximately one week before the Expedited Hearing. It is equally troubling that Liberty Mutual had Dr. Terry's response two days prior to the Expedited Hearing, yet did not bring it to the attention of its counsel until after the hearing concluded. While the evidence presented by the motion is relevant and has bearing upon the central issue of this claim, the Court holds that Liberty Mutual failed to show that extraordinary circumstances prevented it from timely presenting the evidence. Liberty Mutual has not demonstrated any effort to secure this opinion timely. By waiting so long to secure the opinion and then presenting it after the hearing, Liberty Mutual deprived Ms. Evans of the opportunity to secure additional proof or speak with Dr. Terry about his opinion. Liberty Mutual's motion is denied.

## Findings of Fact and Conclusions of Law

The following general principles govern adjudication of this proceeding. Ms. Evans has the burden of proof on all essential elements of her workers' compensation claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an expedited hearing, however, her burden of proof is lower, and requires her only to come forward with sufficient evidence from which this Court can determine that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2016); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). The Court holds Ms. Evans carried this burden and is entitled to a panel of physicians for evaluation and treatment of her neck, back, left shoulder and left arm.

JRN argued Ms. Evans cannot prevail because she failed to produce expert medical proof that her injury arose primarily out of her work. However, at an expedited hearing, an employee need not establish medical causation by a preponderance of the evidence. *See Lewis v. Molly Maid, et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). Rather, if the employee comes forward with evidence showing that a work event resulted in injury, it may be sufficient to support an order compelling an employer to provide a panel. *Id.* Accordingly, JRN's argument is premature.

Ms. Evans testified convincingly that she had no problems with her left arm, back, shoulder and neck before she began relying heavily on the use of her left arm following the workplace injury to her right arm on January 5. She testified she told Mr. Hickman about her problems and Mr. Hickman affirmed he knew she was experiencing pain. Tennessee courts have long held that the employee's credible testimony of injury is relevant to the determination of the work-relatedness of an injury. *See Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991); *Tindall v. Waring Park Ass'n*, 725 S.W.2d 935, 937 (Tenn. 1987). The Court finds Ms. Evans to be a credible witness.

Additionally, Dr. Terry's diagnosis of a degenerative condition does not foreclose Ms. Evans from receiving medical treatment. Although he declared her condition degenerative, it is not clear whether the increased use of her left side following the injury to her right hand caused an otherwise benign condition to become symptomatic. Considering all the proof, the Court holds Ms. Evans presented sufficient evidence to demonstrate a likelihood of success at a hearing on the merits concerning her entitlement to a panel of physicians. The Court orders JRN to provide her a panel of physicians from which she shall choose one to evaluate and, if necessary and causally related, treat her neck, left arm and back.

Regarding Ms. Evans' request for temporary total disability benefits, to be eligible for these, she must prove: (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *James v. Landair Transp., Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 28, at *16 (Aug. 26, 2015). Undisputed testimony indicated Ms. Evans received accommodation from her employer to work within her restrictions for her compensable injury. Thus, Ms. Evans is unlikely to succeed at a hearing on the merits in proving her accepted, work-related injury disabled her from working. Furthermore, there is no medical proof at this time definitively linking her neck, back and left-arm injuries to her work for JRN.

**IT IS, THEREFORE, ORDERED** as follows:

1. JRN shall provide Ms. Evans a panel of physicians from which she shall select an authorized treating physician for her left arm, neck and back.

4

2. This matter is set for a Scheduling Hearing on Monday, April 17, 2017, at 10:30 a.m. (CDT). This hearing will take place via telephone. The parties must dial 615-741-2113 or 855-874-0474 toll-free to participate in the hearing.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.


**ENTERED THIS THE 15TH DAY OF MARCH, 2017**


**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Care Spot Express Medical Records
2. Tennessee Orthopedics Medical Records
3. Star Physical Therapy Medical Records
4. Affidavit of Patricia Evans
5. Sumner Regional Medical Records
6. Photographs
7. Explanation of Benefits from Blue Cross, Blue Shield

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Rule 16 Order
5. JRN's Motion to Reopen Proof
6. Supplement to Motion to Reopen Proof

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the __15th__ the day of March, 2017.

| Name | Certified Mail | Via Fax | Via Email | Addresses |
|------|----------------|---------|-----------|-----------|
| Patricia Evans | | | X | Peegevans13@gmail.com |
| Behnaz Sulkowski | | | X | Behnaz.sulkowski@libertymutual.com |

_____
Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov